Karolee MAIR, Plaintiff,

v.

LLOYD BROTHERS CONSTRUCTION COMPANY and Kevin Dean Sweat, Defendants and Third-Party Plaintiffs and Appellants,

v.

Marla Mair WEBB, Third-Party Defendant and Respondent.

No. 18702.

Supreme Court of Utah.

May 9, 1984.

L.L. Summerhays, Salt Lake City, for appellant Lloyd Bros. Const. Co.

Robert H. Henderson, Salt Lake City, for third-party defendant and respondent Marla Mair Webb.

Don R. Petersen, Provo, for plaintiff Karolee Mair.

HOWE, Justice:

This is an appeal from the dismissal of a third-party complaint filed by the defendants.

The plaintiff was injured while riding as a passenger in an automobile driven by her daughter when that vehicle collided with a truck driven by the defendant, Kevin Dean Sweat, and owned by his employer, defendant Lloyd Brothers Construction Company. Plaintiff brought suit against both defendants who in turn filed a third-party complaint against the plaintiff's daughter, Marla Mair Webb, alleging that she was negligent, that her negligence contributed to the accident, and that she was liable to the defendants for contribution to any damages for which they might be found liable. The trial court dismissed the third-party complaint on the motion of Mrs. Webb on the ground that she could not be legally liable for her mother's injuries under our guest statute, U.C.A., 1953, § 41–9–1, and therefore she was not liable to the defendants for contribution to any damages which might be found against them.

While the appeal of the instant case was pending, we decided *Malan v. Lewis*, Utah, No. 17606, decided May 1, 1984, in which we declared our guest statute, § 41–9–1, unconstitutional. In view of that holding, Mrs. Webb could be found to be a joint tort feasor and thus subject to contribution to the defendants for any amount of damage adjudged against them.

The order dismissing the third-party complaint is reversed, and the case is remanded to the trial court for further proceedings. Costs are awarded to the defendants.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

OAKS, J., having resigned, does not participate herein.