**Tamara "Tammy" SORENSON, Plaintiff,**

v.

**Steve M. ALLER, James J. Hill, and Fred A. Moreton & Company, a Utah corporation, Defendants and Third-Party Plaintiffs and Respondents,**

v.

**Pam A. McCONAGHY, Third-Party Defendant and Appellant.**

**No. 19029.**

Supreme Court of Utah.

Aug. 2, 1984.

Anthony M. Thurber, Salt Lake City, for Sorenson.

L.E. Summerhays, Salt Lake City, for third-party defendant and appellant.

Jay E. Jensen, Salt Lake City, for defendant and third-party plaintiff and respondent Hill.

PER CURIAM:

Third-party defendant McConaghy seeks reversal of a judgment granting contribution against her as a joint tortfeasor in favor of defendants Hill and Fred A. Moreton & Company, pursuant to U.C.A., 1953, § 78–27–39. Plaintiff brought the action to recover for her injuries incurred in a three-car accident while she was riding as a passenger in the car driven by McConaghy.

McConaghy's motion to dismiss the third-party complaint was denied, and the case was submitted to a jury on the issue of the comparative negligence of the parties. The jury returned a verdict of 60 percent negligence on the part of McConaghy. McConaghy's motion for judgment notwithstanding the verdict was denied. Thereafter, the trial court entered judgment requiring McConaghy to contribute 60 percent of the judgment entered in favor of plaintiff.

McConaghy cites as error the submission of the issue of comparative negligence to the jury and the denial of her motion for judgment notwithstanding the verdict. Her theory is that the guest statute, U.C.A., 1953, § 41–9–1, *et seq.*, precludes contribution from the host driver since the plaintiff cannot recover any damages against her host under the guest statute.

While this case was pending, this Court issued its opinions in *Malan v. Lewis*, Utah (No. 17606, filed May 1, 1984), and *Mair v. Lloyd Brothers Construction Co.*, Utah, 682 P.2d 866 (1984). In *Malan* this Court determined the guest statute to be unconstitutional, and in *Mair* we held that a host may be found to be a joint tortfeasor and subject to contribution for the injuries to his guest under U.C.A., 1953, § 78–27–39,

*et seq.* These two cases are dispositive of all issues raised in this matter.

Affirmed. Costs to defendants Hill and Fred A. Moreton & Company.